**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond L. Frost,<br><br>        Plaintiff,<br>vs.<br><br>Dora Schriro, et al.,<br><br>        Defendants. | No. CV-08-1559-PHX-PGR (MHB)<br><br>ORDER |

      Pending before the Court is the plaintiff's Objections to Magistrate's Order Doc. #31 Denying Plaintiff's Motion for Leave to Amend Complaint and Accept Lodged Complaint of April 17, 2009 (docs. #32 and #33).[1]

      The defendants served their answer (doc. #15) to the complaint on April 13, 2009.[2] In a Scheduling and Discovery Order (doc. #16), entered on April 15, 2009, Magistrate Judge Burns required in part that any motion to amend the complaint be filed no later than June 15, 2009. The plaintiff lodged a First Amended Complaint (doc. #17) with the Court on April 17, 2009. In an order

---

[1] Although the plaintiff's documents is a single document, the Clerk of the Court docketed it as two separate documents as it contains two distinct parts.

[2] Fed.R.Civ.P. 5(b)(2)(C) provides that service by mail to a parties' last known address is completed upon mailing.

(doc. #21) entered on June 1, 2009, Magistrate Judge Burns stated in a footnote that the plaintiff's lodged amended complaint was not part of the record because the plaintiff had failed to file a motion seeking permission to amend his complaint. The plaintiff filed a Motion for Leave to Amend Complaint & Accept Lodged Complaint of April 17, 2009 (doc. #25) on June 25, 2009. In an order (doc. #31) entered on August 19, 2009, Magistrate Judge Burns denied the plaintiff leave to file an amended complaint on the ground that the plaintiff's motion was filed well after the deadline set forth in the scheduling order for filing motions to amend, and on the ground that the plaintiff violated LRCiv 15.1(a) because the plaintiff's motion failed to indicate in what respects the proposed amended complaint differed from the original complaint.

The plaintiff argues in his Objections, which were timely filed pursuant to Fed.R.Civ.P. 72(a), that the Magistrate Judge's order was contrary to law because no motion to amend was in fact required inasmuch as he had the right to file his amended complaint as a matter of course pursuant to Fed.R.Civ.P. 15(a)(1)(A), which provides that a party may amend his pleading once as a matter of course before being served with a responsive pleading. Having reviewed the record, the Court agrees with the plaintiff.[3]

---

[3] The Court rejects the defendants' cursory argument that there is no longer an issue as to whether the plaintiff was required to file a motion to amend his complaint because the plaintiff failed to timely object to Magistrate Judge Burns' order (doc. #21) entered on June 1, 2009. Although Magistrate Judge Burns first noted in that order that the plaintiff needed to file a motion to amend, that remark was made in a footnote - the actual order merely denied the plaintiff's Motion for Extension of Time for Discovery on Defendants Schriro and Lyons (doc. #19). In any case, the plaintiff timely objected to Magistrate Judge Burns' order at issue, which denied the plaintiff the opportunity to file an amended complaint on the ground that he could only do so through a motion to amend and

The Court concludes that the Magistrate Judge's determination that the plaintiff was required to file a motion to amend his complaint because the defendants had served their answer prior to the lodging of the amended complaint was in error because the plaintiff, as a prisoner acting *pro se,* is covered by the "mailbox rule" of <u>Houston v. Lock</u>, 487 U.S. 266 (1988). *See* <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir.2009) (Court held that the <u>Houston</u> mailbox rule applies to § 1983 suits filed by *pro se* prisoners.) Under the mailbox rule, a pleading such as the plaintiff's amended complaint is considered to be filed at the time it is delivered to the prison authorities for forwarding to the clerk of the court. <u>Houston</u>, 487 U.S. at 276. The plaintiff stated in his verified First Amended Complaint that it was executed on April 9, 2009 and mailed on April 10, 2009; the plaintiff further stated in his motion to amend that his amended complaint was submitted to prison officials for copying and mailing on April 9, 2009, and the plaintiff reiterated the April 9th date in his Objections. Since the defendants have neither controverted the April 9, 2009 date set forth by the plaintiff nor specifically argued that the plaintiff failed to properly comply with the mailbox rule regarding the filing of his amended complaint, the Court accepts that the plaintiff's First Amended Complaint was filed on April 9, 2009, which was before the defendants' answer was served on April 13, 2009. Since the plaintiff's amended complaint was filed as a matter of course pursuant to Fed.R.Civ.P. 15(a)(1)(A), the plaintiff was not required to file a motion to amend, nor was he required to comply with LRCiv 15.1(a) inasmuch as that rule only applies to a

---

his motion to amend was untimely.

- 3 -

party who moves to amend a pleading.[4]  Therefore,

IT IS ORDERED that the plaintiff's Objections to Magistrate's Order Doc. #31 Denying Plaintiff's Motion for Leave to Amend Complaint (doc. #32) are sustained to the extent that the Magistrate Judge's Order (doc. #31), entered on August 19, 2009, is vacated.

IT IS FURTHER ORDERED that the plaintiff's [Motion] for Leave to Amend Complaint and Accept Lodged Complaint of April 17, 2009 (doc. #33) is granted to the extent that the Clerk of the Court shall file the plaintiff's First Amended Complaint (doc. #17).  The date of filing shall be April 9, 2009.

IT IS FURTHER ORDERED that the plaintiff's First Amended Complaint is referred to the Court's Legal Staff for screening.

DATED this 27th day of October, 2009.

_____
Paul G. Rosenblatt
United States District Judge

---

[4] While the defendants argue in their response to the plaintiff's Objections that the plaintiff should be denied permission to amend his complaint because the amended complaint is largely futile and subject to dismissal, the issue of whether the amended complaint states a claim is not properly before the Court at this time.

- 4 -