**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond L. Frost,<br><br>        Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>        Defendants. | No. CV-08-1559-PHX-PGR<br><br>(9th Cir. No. 11-17168)<br><br>ORDER |

      In an order (Doc. 125) entered on August 17, 2011, the Court granted the defendants' motion to dismiss this § 1983 action, concluding that the plaintiff was judicially estopped from prosecuting the action due to his failure to disclose it as an asset during his Chapter 7 bankruptcy proceeding. The Court entered its judgment (Doc. 126) that same day.

      Among the matters pending before the Court is the Ninth Circuit Court of Appeals' Referral Notice, entered on September 15, 2011, wherein it requires this Court to determine if the plaintiff's previously-granted in forma pauperis status should continue for his pending appeal or whether it should be revoked on the ground that the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3) and Fed.R.App.P. 24(a)(3)(A). In order for the plaintiff's in forma

1  pauperis status to now be revoked, the Court must be able to certify that his
2  appeal is "plainly frivolous" and the Court concludes that it cannot make that
3  determination on the record before it. Ellis v. United States, 356 U.S. 674, 675
4  (1958) ("Unless the issues raised are so frivolous that the appeal would be
5  dismissed in the case of a nonindigent litigant, ... the request of an indigent for
6  leave to appeal in forma pauperis must be allowed."); Hooker v. American
7  Airlines, 302 F.3d 1091, 1092 (9th Cir.2002) (Recognizing that an appellant is
8  entitled to proceed in forma pauperis if any portion of the appeal is taken in good
9  faith).  The Court will permit the plaintiff's in forma pauperis status to continue for
10 purposes of his pending appeal.

11       Also pending is the defendants' Motion for Leave to File Correct Reply
12 (Doc. 127), which the defendants filed immediately after the Court entered its
13 order and judgment of dismissal; the plaintiff has filed an objection to the motion.
14 The purpose of the defendants' motion is to place in the record the reply in
15 support of their motion to dismiss that they timely served on the plaintiff and had
16 meant to file in this action; as the Court noted in its dismissal order, the reply that
17 the defendants' actually filed with the Court was a reply directed at an earlier
18 motion to dismiss they had filed in this action.  While the Court understands that
19 the defendants inadvertently electronically filed the wrong reply, the Court cannot
20 grant the motion because the defendants do not support it with any legal authority
21 that would permit the Court, post-judgment, to expand the record with a reply that
22 it did not consider in granting the defendants' motion to dismiss. *Cf.* United States
23 v. Walker, 601 F.2d 1051, 1054 (9th Cir.1979) (Concluding that Fed.R.App.P.
24 10(e), the rule governing the correction or modification of the record on appeal,
25 "cannot be used to add or enlarge the record on appeal to include material which
26

was not before the district court.")

Also pending is the plaintiff's Motion for Order to Have Defendants Deliver Legal Mail Doc. 125 to Plaintiff (Doc. 129), wherein the plaintiff states that prison officials had not delivered to him his copy of the Court's order of dismissal.  The Court concludes that the motion is moot because the defendants state in their response that they were providing the plaintiff with another copy of both the Court's order of dismissal and the judgment.

Also pending is the plaintiff's Motion to Grant Late Mailings of Notice of Appeal Dated August 26, 2011 and Plaintiff's Objections to Defendants' Motion for Leave to File Correct Reply Dated Aug 29, 2011 (Doc. 131).  The Court will deny the motion as unnecessary with respect to the filing of the plaintiff's Notice of Appeal From Judgment of the District Court Judge in a Civil Case Doc. No. 126 (Doc. 133) since the notice of appeal was timely filed given that it was filed less than thirty days after the judgment was entered, and the Court will grant the motion with respect to the plaintiff's untimely response to the defendants' Motion for Leave to File Correct Reply.  Therefore,

IT IS ORDERED that the plaintiff's in forma pauperis status shall continue for purposes of his pending appeal.

IT IS FURTHER ORDERED that the defendants' Motion for Leave to File Correct Reply (Doc. 127) is denied.

IT IS FURTHER ORDERED that the plaintiff's Motion for Order to Have Defendants Deliver Legal Mail Doc. 125 to Plaintiff (Doc. 129) is denied as moot.

IT IS FURTHER ORDERED that the plaintiff's Motion to Grant Late Mailings of Notice of Appeal Dated August 26, 2011 and Plaintiff's Objections to Defendants' Motion for Leave to File Correct Reply Dated Aug 29, 2011 (Doc.

131) is granted to the extent that the Court deems Plaintiff's Objections to Motion for Leave to File Correct Reply (Doc. 132) to have been timely filed, and the remainder of the motion is denied as unnecessary.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide a copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

DATED this 20th day of September, 2011.

Paul G. Rosenblatt
United States District Judge